IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RODERICK ERNEST GRAY                                                                    PLAINTIFF

v.                                        Civil No. 6:19-CV-06066

JASON WATSON (Sheriff, Clark County                                                DEFENDANT
Detention Center)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.  BACKGROUND

Plaintiff filed his Complaint on June 11, 2019, in the Eastern District of Arkansas. (ECF No. 1). On June 12, 2019, the case was transferred to this District. (ECF No. 3). That same day the Court entered Orders directing Plaintiff to file an *in forma pauperis* application and an Amended Complaint. (ECF No. 6, 7). Plaintiff did so on July 1, 2019. (ECF No. 8, 9).

In his Amended Complaint, Plaintiff alleges his constitutional rights were violated by Defendant on November 15, 2018, while he was incarcerated in the Clark County Detention Center. (ECF No. 8 at 4). Plaintiff alleges he was taken off his CPAP machine and forced to walk

1

through carbon monoxide. This required that he be taken to the hospital to be treated for "unintentional carbon monoxide" poisoning on either November 15 or November 16, 2018, because he was having trouble breathing. (*Id*. at 4). Plaintiff also alleges that the facility does not keep medical staff on duty to pass out medication. (*Id*. at 6).

Plaintiff proceeds against Defendant in both his official and personal capacity. (*Id*. at 4). He seeks compensatory and punitive damages. (*Id*. at 7).

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

Plaintiff failed to state any plausible constitutional claims. Plaintiff alleges he was unintentionally exposed to carbon monoxide during his incarceration. The Court will interpret this allegation as stating a conditions of confinement claim. A prisoner alleging an Eighth Amendment

violation must prove both an objective and subjective element. *See Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (*citing Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels,* 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels,* 382 F.3d at 875.

Here, the Court will assume for the purposes of screening that Plaintiff's allegation meets the objective first prong of the standard. His allegation that he was unintentionally forced to walk through carbon monoxide fails to meet the subjective second prong of the standard. Nothing in Plaintiff's allegation permits the inference that Defendant Watson was substantially aware of but disregarded an excessive risk to his health or safety.

Plaintiff's allegation that there are no medical staff kept on duty to pass out medication also fails to state a plausible claim. The Court first notes that Plaintiff does not allege that he suffers from any medical condition which requires medication. A prison does have a duty to "promptly provide necessary medical treatment for prisoners," including access to 24–hour emergency care. *Johnson v. Bowers,* 884 F.2d 1053, 1056 (8th Cir.1989), *modified on reh'g* (Oct. 27, 1989). Here, Plaintiff alleges he was taken to the hospital when he had trouble breathing. The Court, however, cannot find any authority requiring a county jail to have medical staff on hand to provide care for inmates twenty-four hours a day, seven days a week. Nor is it a constitutional violation for corrections officers to deliver prescription medication to inmates, provided they have received appropriate training. *See Griggs v. Livermore*, Civil No. 13-5133, 2014 WL 979197, at

*3 (W.D. Ark. March 13, 2014) ("There is no constitutional requirement that medication be disbursed only by trained medical personnel"); *Booker v. Herman*, Civil No. 06-178, 2006 WL 2457230, at *5 (N.D. Ind. Aug. 22, 2006) ("While it might be a good practice, tradition, or even state law to require that only medical staff can deliver medication, the Constitution does not prohibit guards from distributing medication to inmates. This allegation states no claim upon which relief can be granted").

### IV.  CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.  The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g).  I therefore recommend that the clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **5th day of August 2019**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE